THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, v. ELMER CARTEE et al., Defendants and Petitioners-Appellants.

Second District    Nos. 81-391, 81-394 cons.

Opinion filed March 10, 1982.

Lonny Ben Ogus, of Chicago, for appellants.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

This is an appeal from the dismissal of petitioners' request for post-conviction relief. Petitioners Elmer Cartee and Patrick Russell urge that the Lake County circuit court failed to instruct the jury as required by the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4(i)). The State contends this issue is waived for purposes of appeal.

After a jury trial in Lake County in June 1975, petitioners were found guilty of robbery and were sentenced to 6 2/3 years to 20 years, to be served consecutively to a sentence for an unrelated previous conviction. They appealed from the June 1975 conviction and urged that the trial court erred in sentencing them consecutively. This court affirmed their convictions and dismissed their appeal by Rule 23 issued in December 1976.

Petitioners then filed a pro se petition for post-conviction relief, contending that they had been denied effective assistance of counsel. Counsel was subsequently appointed for them. Their amended petition was denied after a hearing. On appeal, this court affirmed the denial of post-conviction proceedings in *People v. Cartee* (1980), 86 Ill. App. 3d 895, 408 N.E.2d 396.

On March 19, 1981, petitioners filed their second petition for post-conviction relief with the trial court. The State's motion to dismiss was granted and petitioners perfected this appeal. They now contend that the

failure of the trial court to orally instruct the jury denied them their constitutional rights.

The report of proceedings indicates that the assistant State's Attorney finished his argument and thanked the jury. After this it is indicated that the jury withdrew for deliberation. The next event transcribed was taken down in chambers, where the judge read a note from the foreman of the jury. It is apparent that the note was written after the jury began deliberating. The page shows no indication of the trial court having read the instructions to the jury. It is, however, clear that the jury did receive written jury instructions.

The first issue addressed is whether or not the question raised by petitioners has been waived for purposes of appeal. The State contends the petitioners have waived their argument because there was a prior appeal and the issues previously raised are barred by *res judicata* and issues that could have been raised are now waived. (*People v. French* (1970), 46 Ill. 2d 104, 262 N.E.2d 901.) They urge that the jury instructions issue could have been raised at either of the two previous appeals to this court.

Petitioners contend that the instructions issue could not have been raised prior to this because each prior attorney could not have charged himself or herself with the failure to object to the trial court's omission. However, this argument is not consistent with the petitioners' previous appeal in which the appellate defender's office argued that the Lake County public defender had not adequately represented petitioners at trial. As such, petitioners' attorney's failure to object could and arguably should have been raised in the prior appeal. This court has already reviewed the allegations of petitioners that their trial and appellate counsel were incompetent. (*People v. Cartee.*) It was determined they were competently represented.

■■ In *People v. Collins* (1968), 39 Ill. 2d 286, 289, 235 N.E.2d 570, the supreme court noted that where the petitioner in post-conviction relief had failed to raise the issue of the competency of his trial counsel in his original appeal, he could not use the Post-Conviction Hearing Act as a device to obtain a hearing upon such constitutional claims. This principle is applicable to the case before this court. Petitioners in this cause could have brought the issue to the court's attention in either of their previous appeals, especially the appeal which concerned the competency of their public and appellate defenders.

It should be noted that the Supreme Court Rules do address the issue of waiver of jury instructions in criminal cases. Supreme Court Rule 451 (Ill. Rev. Stat. 1979, ch. 110A, par. 451(c)) provides that "Instructions in criminal cases shall be tendered, settled, and given in accordance with section 67 of the Civil Practice Act, but substantial defects are not waived

by failure to make timely objections thereto if the interests of justice require." However, the courts have interpreted this Rule quite restrictively. Section 67 of the Civil Practice Act, (Ill. Rev. Stat. 1979, ch. 110, par. 67) does not explicitly require that instructions be read by the court to the jury.

The supreme court has addressed the question of whether or not a defendant can raise the issue of alleged error in jury instructions when that error was not objected to at trial. In a case where defendants were appealing from a post-conviction hearing, the court held that Rule 451(c) was not applicable and that the defendants had not met its requirements. The court stated:

"As we emphasized in *People v. Precup* (1978), 73 Ill. 2d 7, 16, in the context of Rule 615 plain error, our exceptions to the waiver rule do not operate in the nature of a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court. That observation in *Precup* applies with equal validity to claimed error in jury instructions. Finally, in addition to the waiver barrier, Grizzle has not demonstrated a trial error of such magnitude that constitutional standards require the granting of a new trial under the Post-Conviction Hearing Act." *People v. Roberts* (1979), 75 Ill. 2d 1, 16, 387 N.E.2d 331, 338.

While the waiver rule does not apply to substantial defects in instructions if the interests of justice require it, we see no grave error here. The relevant portion of the Code of Criminal Procedure of 1963 provides: "After arguments of counsel the court shall instruct the jury as to the law." (Ill. Rev. Stat. 1979, ch. 38, par. 115—4(i).) While there is no indication that the jury did not receive written jury instructions it is possible that the instructions were not read orally. It is clear that the reading of these instructions to the jury at the close of oral arguments is a vital part of the trial. (*Kinser v. Kruse* (1972), 4 Ill. App. 3d 987, 283 N.E.2d 120.) *Kinser* was a civil case where the trial court read the instructions to the jury but in response to a juror's statement that he could not hear the judge, the judge stated that "This is not really for you, this is mostly for the court reporters now." The cause was remanded for a new trial.

■■ We are of the opinion that the record fails to show that an error affecting substantial rights was committed. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) The record is inconclusive as it does not sufficiently set forth that oral instructions were not given. We will presume that the trial court did not err in this respect. (*Cunag v. McCarthy* (1963), 42 Ill. App. 2d 36, 45, 191 N.E.2d 404, 408.) We see no plain error.

■■ Even if we were to find that this issue was not waived, and were to

consider petitioners' contention, it would fail. The proposition is well settled that the burden on appeal is on appellant to demonstrate error in the record, and failing to do so, there is a presumption of regularity which attaches to the proceeding in the trial court. *People v. Schomer* (1978), 64 Ill. App. 3d 440, 446, 381 N.E.2d 62, 64.

For these reasons, the trial court's dismissal of petitioners' request for post-conviction relief is affirmed.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.