THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. CLEVENGER, JR., Defendant-Appellant.

Third District   No. 3—84—0275

Opinion filed February 27, 1985.

1088

Julius Lucius Echeles and Frederick F. Cohn, both of Chicago, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Robert E. Clevenger, Jr., was charged with murder, voluntary manslaughter, involuntary manslaughter and misdemeanor theft. Defendant was convicted of voluntary manslaughter and theft,

but was acquitted of the other charges. He appeals only from his voluntary manslaughter conviction.

On September 5, 1983, defendant, an unemployed ex-Marine, was drinking in the Blue Room tavern in Streator. Outside the tavern defendant spotted a motorcycle with a saddlebag attached. Thinking there might be something of value in the bag, defendant decided to steal it. Defendant took his buck knife and cut the saddlebag loose. The owner of the motorcycle was the decedent, Jerry Richards. Andrew Elias, a friend of Richards, viewed defendant in the act of stealing the bag. He called across the street to the Blue Room where Richards was playing pool.

Richards came out of the tavern, saw the defendant and yelled, "Clevenger," after him. At this point, defendant either started running away or walked away at a fast pace. It is not clear whether the knife remained in his hand. Richards, armed with a wooden pool cue, chased defendant. Richards hit defendant at least once over the left shoulder. Elias testified that Richards had first struck defendant in the stomach before the second blow. The shot to the shoulder carried enough force to splinter the cue into three pieces. Defendant stumbled away and fell to the ground. Richards followed, and commenced pummeling defendant with his fists. Richards was straddled on top of defendant. Eyewitnesses to this part of the altercation could not tell if Richards' blows were landing with any effectiveness. It appears that defendant was not fighting back seriously. The next thing the witnesses saw was Richards rolling off of defendant with blood around his stomach. Defendant, with blood on his white tee shirt, appeared to pick something up off the ground and exited between two buildings. The entire fight lasted no more than two minutes.

Defendant admitted in his testimony that he had stolen the bag. After the blow to the shoulder blade, defendant claims to have lost consciousness momentarily. The next thing he remembered was that he was on the ground trying to get up and that "the guy" was hitting and kicking him. He feared that the "club" was going to be used again. He reached for his knife and "at that point [Richards] must have gotten stabbed."

After fleeing the scene, defendant attempted to hide the knife and his shirt. He returned home and went to sleep. He sought no medical attention for his shoulder. He was arrested in his home the next morning.

At trial, the jury was instructed on the offenses of murder, two types of voluntary manslaughter—unreasonable self-defense (Ill. Rev. Stat. 1981, ch. 38, par. 9—2(b)), and heat of passion based on adequate

provocation (par. 9—2(a))—and involuntary manslaughter. As to murder and involuntary manslaughter, the jury was instructed that it had to find beyond a reasonable doubt that defendant was not justified in using the force which he used. However, in the definitional instruction on voluntary manslaughter based on provocation (Illinois Pattern Jury Instructions (IPI), Criminal, No. 7.03 (2d ed. 1981)), the court gave the instruction in its unabridged form. However, the Committee Note to No. 7.03 recommends using the phrase "without lawful justification" so that the instruction reads, in part, "A person commits voluntary manslaughter when he kills an individual without lawful justification if ***." Similarly, the issues instruction on this form of voluntary manslaughter did not mention the State's burden of proving absence of justification. While the jury was instructed on two forms of voluntary manslaughter, only one verdict form was tendered. Defendant was convicted and sentenced to 10½ years for voluntary manslaughter and 364 days for theft.

■ Defendant argues that the failure to include the concept that the prosecution had to prove absence of legal justification beyond a reasonable doubt denied him a fair trial. We agree that the instruction should have been given. Section 3—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—2(b)) makes the affirmative defense of force an issue together with all the elements of the offense, upon which the State must sustain the burden. Failure to instruct the jury as to this burden on the offense of voluntary manslaughter-provocation was clearly erroneous. *Cf. People v. Thurman* (1983), 120 Ill. App. 3d 975, 458 N.E.2d 1038, *aff'd* (1984), 104 Ill. 2d 326.

The State responds in two ways to the merits of this argument. First, it is submitted that the instruction was inappropriate due to the inconsistency between a claim of self-defense and the existence of a sudden and intense passion stemming from adequate provocation. Thus, it argues that proof beyond a reasonable doubt of a killing resulting from an extreme and sudden passion necessarily negates a finding that the killer reasonably feared death or serious bodily harm at the same time. *People v. Tirrell* (1980), 87 Ill. App. 3d 511, 408 N.E.2d 1202.

The argument is without merit. Claims of self-defense have been found to negate a defense of sudden and intense passion in murder cases where the evidence reveals that the killer acted deliberately. (*People v. Yates* (1978), 65 Ill. App. 3d 319, 382 N.E.2d 505.) Here, the evidence reveals that both states of mind could have been present in defendant. The law recognizes mutual combat or quarrel as a serious provocation. (*People v. Strong* (1979), 79 Ill. App. 3d 17, 398

N.E.2d 216.) Furthermore, despite being in a state of sudden and extreme passion, defendant might have believed, however unreasonably, that he was in imminent danger of serious bodily injury following the pool cue assault. It is certainly conceivable that the actions of the victim might have provoked a reasonable man into a sudden and intense passion, yet at the same time a reasonable man might also fear imminent death or serious bodily injury from the continuous beating. The jury here apparently concluded either that defendant was so provoked or unreasonably feared death or serious bodily injury. The two mental states are consistent. However, if the jury concluded the former, it was denied the possibility of deciding that the killing was justified by a reasonable fear under the circumstances of death or serious injury. This was improper.

The State also contends that a general finding of guilt will be upheld if the jury is properly instructed and there is sufficient evidence of any theory. (*People v. Collins* (1979), 71 Ill. App. 3d 815, 390 N.E.2d 463.) *Collins* and cases of its ilk are inapplicable. There, defendant was charged with three forms of murder: intentional, knowing and felony. On appeal, defendant argues that there was no evidence of an underlying felony. However, the court affirmed the conviction on a general verdict where the other counts were sufficient to support a finding of guilt. Here, however, an affirmative defense was interposed. But the instructions found the defense applicable to only one form of voluntary manslaughter. A rational juror could conclude that even an objectively reasonable belief in the fear of death and serious injury would not justify a killing made under a sudden and intense passion. With the general verdict, one cannot tell whether or not the jury reached this conclusion. Thus, defendant was deprived of a fair trial by failure to include the concept of self-defense in the instructions on voluntary manslaughter-provocation.

■ The State argues that defendant has waived this contention by not making this objection when the erroneous instruction was given, by not tendering an alternative instruction and by failing to include the objection in his post-trial motion. Ordinarily, failure to object at trial to an error in jury instructions waives the issue for appeal.[1] (*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027.) Likewise, issues not raised in a post-trial motion will ordinarily not be reviewed. (*People v. Foster* (1979), 76 Ill. 2d 365, 392 N.E.2d 6.) However, substantial defects in jury instructions in criminal cases may be

---

[1]Defendant objected to the instruction at issue, but not for the reasons set forth in its brief on appeal.

noticed despite failure to object thereto if the interests of justice require. 87 Ill. 2d R. 451(c).

In a series of recent opinions, our supreme court has developed guidelines for reviewing unpreserved errors of the type asserted in this case. Review may be had in the case of "grave" errors, or in cases so close factually that fundamental fairness requires that the jury be properly instructed. *People v. Berry* (1984), 99 Ill. 2d 499, 460 N.E.2d 742.

We believe that the error should not be deemed waived. The failure to include the concept of the State's burden on legal justification in one set of voluntary manslaughter instructions while including it in the other is a serious error. This is especially true where only verdict form was used for voluntary manslaughter. Furthermore, the evidence was closely balanced. (See below for a more detailed discussion of the sufficiency of the evidence.)

The State claims that this error is cured by repeated references by defense counsel in closing argument concerning the State's burden of proving absence of legal justification. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248.) *Huckstead* is distinguishable. There, in a murder case, the trial court erred by failing to give IPI Criminal No. 25.05 (1968), which informs the jury of the State's burden of proving absence of legal justification beyond a reasonable doubt. However, this failure was cured by repeated and specific references to this burden by defense counsel as well as an acknowledgment of the burden by the State. Here, there were in fact two references by defense counsel. Nonetheless, the error caused by the giving of the instruction in question in every instance save one is not so easily cured, particularly where defendant was convicted of that particular offense. Therefore, we hold that the court committed reversible error by failing to instruct the jury properly on voluntary manslaughter based on adequate provocation.

■ Defendant urges us to find as a matter of law that he acted in self-defense and to effectively direct a verdict of acquittal in his favor. This we decline to do. A court of review will not overturn a jury's determination of guilt unless the evidence is so unreasonable, improbable or unsatisfactory as to raise a reasonable doubt. (*People v. Ware* (1981), 96 Ill. App. 3d 923, 422 N.E.2d 148.) Questions of reasonable use of force in self-defense are particularly within the province of the jury and should not be lightly disturbed.

There was ample evidence to support a conclusion that defendant's use of deadly force was unreasonable under the circumstances. Various witnesses testified that after the initial blow from the pool

cue, the only weapon employed by the victim was his fists. No witness testified that any of the punches inflicted meaningful damage. There was no evidence of facial cuts or bruises suffered by defendant. Furthermore, defendant's flight from the scene and attempt to secrete the evidence could reasonably be interpreted as negating a claim of self-defense. (*People v. Seiber* (1979), 76 Ill. App. 3d 9, 394 N.E.2d 1044.) Finally, and most significantly, the jury might have chosen to disbelieve defendant's version of the events entirely and concluded that defendant killed the victim either to extricate himself from a fistfight or to facilitate the theft. Thus, we will not reverse defendant's conviction based on the sufficiency of the evidence.

■■ Numerous incidents of prosecutorial misconduct are alleged by defendant. Since these errors are alleged to have prejudiced a particular jury whose verdict we have already reversed, we decline to review each of them individually. Furthermore, most of these errors were either waived, invited by defense counsel or harmless beyond a reasonable doubt.

We choose to address two points raised in defendant's brief due to their likely recurrence in a retrial. The court refused to allow evidence of decedent's blood-alcohol level. Defendant urges us to rule the evidence admissible to corroborate defendant's belief that decedent was violent at the time of the occurrence. The evidence suggests that there is no dispute that decedent was acting violently. The evidence may be slightly probative of the reasonableness of defendant's fear of decedent's violent disposition. However, the real value of the evidence is mostly its corroboration of a fact not in serious dispute. Thus, the trial court could have properly concluded that the evidence's probative value was outweighed by its unfairly prejudicial effect on the jury.

■■ Defendant also contends that the court erred in refusing to give IPI Criminal 2d No. 4.17, which reads:

> "An object or instrument which is not inherently dangerous may be a dangerous weapon depending on the manner of its use and the circumstance of the case."

Defendant would like the jury to be informed that the pool cue used by decedent could have qualified as a deadly weapon. Supposedly this is relevant to whether or not decedent was justified in using deadly force. This argument is meritless. Whether an object qualifies as a deadly weapon is of significance in armed robbery cases, but not here. The pool cue was an exhibit in the case below. The jury could draw its own conclusions on what a reasonable person would do if struck by the object. The instruction is clearly irrelevant.

Accordingly, we remand to the circuit court of La Salle County for a new trial on the charge of voluntary manslaughter.

Reversed and remanded.

STOUDER, J., concurs.

BARRY, J., concurs in the result.