Elmer **CARTEE** and Patrick Russell, Petitioners-Appellants,

v.

Crispus **NIX**, Warden, and Neil Hartigan, Attorney General of the State of Illinois, Respondents-Appellees.

No. 83–3014.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 15, 1986.

Decided Oct. 8, 1986.

Rehearing and Rehearing En Banc Denied Nov. 17, 1986.

Lonny Ben Ogus, Chicago, Ill., for petitioners-appellants.

Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before WOOD, EASTERBROOK and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Petitioners Elmer Cartee and Patrick Russell appeal from the district court's grant of summary judgment on their petition for habeas corpus brought under 28 U.S.C. § 2254 challenging their 1975 state robbery conviction. Petitioners raise three issues for review: (1) the denial of their request for an evidentiary hearing; (2) the state trial court's alleged failure to instruct the jury; and (3) ineffective assistance of trial and appellate counsel. We affirm.

## I. BACKGROUND

In 1975, after a joint trial, the petitioners were found guilty of robbery and were sentenced to six and two-thirds to twenty years, to be served consecutively to an unrelated previous conviction. On direct appeal, the petitioners contested only the propriety of the consecutive sentences. The Illinois appellate court affirmed the convictions in an unreported decision.

In 1978, the petitioners filed a petition for post-conviction relief claiming three errors: (1) the trial court's denial of their motion for "default" due to the prosecution's late filing of a response to the petition for relief; (2) the trial court's denial of petitioners' motion that the trial judge recuse himself; and (3) the trial court's ruling that petitioners' trial and appellate counsel had not been ineffective. The court held a hearing and then denied the petition. Petitioners appealed the denial, and the Illinois appellate court affirmed. *People v. Cartee*, 86 Ill.App.3d 895, 42 Ill. Dec. 18, 408 N.E.2d 396 (2d Dist.1980).

Petitioners filed a second petition for post-conviction relief in 1981, claiming that the judge's failure to orally instruct the jury violated their constitutional rights.

The trial court granted the state's motion to dismiss, and petitioners appealed. The appellate court affirmed the dismissal in *People v. Cartee*, 104 Ill.App.3d 754, 60 Ill.Dec. 754, 433 N.E.2d 326 (2d Dist.1982). The Supreme Court of Illinois denied petitioners leave to appeal.

In 1982, the petitioners filed a *pro se* petition for a writ of habeas corpus. After the case was transferred to Illinois from Iowa, where petitioners were incarcerated, the district court appointed counsel and granted leave to file an amended petition. The amended petition raised five claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) lack of proper jury instructions; (4) failure to bring petitioners to Illinois for their first post-conviction hearing and denial of a hearing on their second post-conviction petition; and (5) improper prosecutorial comment in closing argument.[1]

The district court found that the state court had determined that the petitioners' failure to raise the jury instruction issue until the second post-conviction proceeding constituted waiver and therefore the district court refused to reach the merits of this issue. The district court further found that the petitioners had waived four of the six errors cited to establish trial counsel ineffectiveness. Of the remaining two errors, the court determined that one instance was a tactical decision and that the other was an error that did not materially affect the trial's outcome. The district court also was not persuaded that the petitioners' appellate counsel was ineffective for refusing to look beyond the trial record and found that this issue was waived because the petitioners had not presented this specific argument to the state court in the first post-conviction proceeding. Finally, the district court found that any prejudice from the prosecutor's statements was cured by the state trial court's order to strike and by the giving of corrective instructions. The district court found that petitioners also had waived this claim by

not arguing it to the state court. Finding most of the petitioners' claims waived and no merit in their remaining claims, the district court granted summary judgment for the respondents and denied the petitioners' request for a hearing. Petitioners appeal both the denial of an evidentiary hearing and the grant of summary judgment.

## II. DISCUSSION

### A. Hearing

In *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court enunciated the circumstances in which a district court considering a habeas corpus petition should hold an evidentiary hearing:

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

> It would be unwise to overly particularize this test. The federal district judges are more intimately familiar with state criminal justice, and with the trial of fact, than are we, and to their sound discretion must be left in very large part the administration of federal habeas corpus.... Some particularization may[, however,] ... be useful. We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not

---

1. Petitioners' arguments address only the first three issues, and the discussion of their appeal therefore does not include the latter two issues.

adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.* at 313, 83 S.Ct. at 757 (footnote omitted). *See* 28 U.S.C. § 2254(d) (1982) (state court determination "after a hearing on the merits of a factual issue, ... evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed correct" unless any one of eight circumstances exist). In a footnote, the Court stated: "In announcing this test we do not mean to imply that the state courts are required to hold hearings and make findings which satisfy this standard, because such hearings are governed to a large extent by state law." *Id.* at 313 n. 9, 83 S.Ct. at 757 n. 9. *See Jeter v. Keohane,* 739 F.2d 257, 257 n. 1 (7th Cir.1984); *Spencer v. Zant,* 715 F.2d 1562, 1579–80 (11th Cir.1983); *Jensen v. Satran,* 651 F.2d 605, 607–08 (8th Cir.1981).

■ In the circumstances of this case, the district court did not abuse its discretion in not holding an evidentiary hearing. The state's fact-finding procedures in the petitioners' two post-conviction proceedings provided the petitioners a full and fair hearing. None of the circumstances outlined by the *Townsend* Court mandate an evidentiary hearing in this case.

## B. *Jury Instructions*

Petitioners on appeal allege two grounds warranting habeas relief: (1) that the state

trial judge did not instruct the jury, and (2) that their trial and appellate counsel's ineffectiveness violated their sixth amendment right to counsel. Petitioners also assert ineffectiveness of counsel as "cause" for their failure to raise the jury instruction issue at trial, on appeal, or in their first post-conviction proceeding.

In their habeas corpus petition, petitioners asserted, among other things, that the trial jury was not instructed as to the law governing the case. Petitioners asserted ineffectiveness of trial and appellate counsel as cause for their state procedural default in not raising the jury instruction issue. Petitioners also alleged that their first post-conviction counsel failed to raise the jury instruction issue because he had done "the exact thing complained of." The district court determined that the state had treated the petitioners' failure to raise this issue until their second post-conviction proceeding as a waiver of this claim.[2] The district court concluded that the claim was waived under *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977).

■ This case presents us with a "double procedural default" situation. *Norris v. United States,* 687 F.2d 899, 903 (7th Cir.1982). Petitioners' first procedural default occurred when the petitioners failed to object at trial to the lack of instructions.[3] In *People v. Roberts,* 75 Ill.2d 1, 25 Ill.Dec.

---

**2.** Petitioners argue that the Illinois appellate court never ruled specifically that petitioners had waived the jury instruction issue by failing to raise it on direct appeal as required under Illinois law. Petitioners point out that the appellate court stated that "[w]hile the waiver rule does not apply to substantial defects in instructions if the interests of justice require it, we see no grave error here." *Cartee,* 60 Ill.Dec. at 532, 433 N.E.2d at 329. Petitioners' argument, however, is incorrect as the Illinois appellate court found that petitioners had waived this issue. In the quoted language the court was referring to Illinois Supreme Court Rule 451(c) which allows an appellate court to correct "substantial defects ... if the interests of justice require." *Id.* Thus the Illinois appel-

late court was saying that no substantial defect existed which would require the court to ignore petitioners' waiver and address the issue in the interests of justice.

**3.** Illinois Supreme Court Rule 451 provides in relevant part:

Instructions in criminal cases shall be tendered, settled, and given in accordance with section 2–1107 of the Code of Civil Procedure, but substantial defects are not waived by failure to make timely objections thereto if the interests of justice require.

Ill.Rev.Stat. ch. 110A ¶ 451(c) (1985). Section 2–1107 does not expressly require the trial judge to read the instructions to the jury. Ill.Rev.Stat. ch. 110 § 2–1107 (1985).

675, 387 N.E.2d 331 (1979), the Supreme Court of Illinois held "where there is a failure to object [at trial] to an instruction, waiver is the rule, and the provision of our Rule 451(c) constitutes an exception which, under the prior decisions of this court, is a limited exception ... to be used to correct 'grave errors' ... or to be applied where the case is close factually and fundamental fairness requires that the jury be properly instructed." 25 Ill.Dec. at 681, 387 N.E.2d at 337. The court noted that Illinois Supreme Court Rule 615, which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court," Ill.Rev.Stat. ch. 110A ¶ 615(a) (1985), corresponds to Fed.R.Crim.P. 52(b). *Id.* at 335–36 ("[W]e observe that the Seventh Circuit ... has rigidly enforced the waiver rule, even under the broad Federal Rule of Criminal Procedure 52(b) standard."). Under Illinois criminal procedure rules therefore, petitioners were required to raise their jury instruction challenge at trial. The Supreme Court has indicated that a state procedural bar resulting from the failure to make such a contemporaneous objection will prevent federal habeas review absent a showing of "cause" and "prejudice." *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). *See Henderson v. Kibbe,* 431 U.S. 145, 154–55, 97 S.Ct. 1730, 1736–37, 52 L.Ed.2d 203 (1977).

The petitioners' second procedural default occurred when they failed to raise this jury instruction issue on direct appeal. As previously discussed, Illinois criminal procedure rules allow a reviewing court to correct "substantial defects" in jury instructions even though those defects were not raised at trial. *People v. Clevenger,* 130 Ill.App.3d 1087, 86 Ill.Dec. 293, 296–97, 475 N.E.2d 290, 293–94 (3d Dist.1985) (failure to object at trial to erroneous jury instruction or to raise issue in post-trial motion waives issue, but substantial defects in criminal cases may be noticed on appeal if interests of justice require). Petitioners' failure to raise the jury instruction issue either at trial or on appeal waived the issue under Illinois procedural rules and barred petitioners from receiving post-conviction relief on this issue. *Cartee,* 60 Ill. Dec. at 530, 433 N.E.2d at 327. This state procedural bar prevents federal habeas review unless cause and prejudice are shown. *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 361 (7th Cir.1983).

The petitioners attempt to overcome this "double procedural default" by asserting ineffective assistance of counsel as cause for this default. Ineffective assistance of counsel may be cause for a procedural default. *Murray v. Carrier,* — U.S. —, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). In *Murray,* the Supreme Court rejected the argument that attorney inadvertance or ignorance is sufficient cause for a procedural default in state court. The Court stated:

We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington,* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] ... we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, see *Reed v. Ross,* 468 U.S., [1] at 16, [104 S.Ct. 2901, at 2910, 82 L.Ed.2d 1 (1984)] or that "some interference by officials," *Brown v. Allen,* 344 U.S. 443, 486 [73 S.Ct. 397, 422, 97 L.Ed. 469] (1953), made compliance impracticable, would constitute cause under this standard.

Similarly, if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance." *Cuyler v. Sullivan,* 446 U.S. 335, 344 [100 S.Ct. 1708, 1716, 64 L.Ed.2d 333] (1980). Ineffective assistance of counsel, then, is cause for a procedural default. However, we think that the exhaustion doctrine, which is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," *Rose v. Lundy,* 455 U.S. 509, 518 [102 S.Ct. 1198, 1203, 71 L.Ed.2d 379] (1982), generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.

*Id.* 106 S.Ct. at 2645-46.[4]

Petitioners allege, as they did in their second state post-conviction petition, that their trial, appellate, and first post-conviction counsel were all incompetent. Petitioners contend that trial counsel was ineffective for a number of reasons, one of which is that he failed to request jury instructions or make any motion when the jury was not instructed. Petitioners contend appellate counsel was ineffective because he refused to look at anything outside the record. Petitioners apparently argue that first post-conviction counsel was ignorant of the importance of the jury issue and therefore could not raise it as he had "done the exact thing complained of."

 Petitioners' ineffectiveness argument, however, does not establish cause for

their procedural default under *Murray.* Petitioners' argument about appellate counsel is aimed largely at their appellate counsel's failure to argue that trial counsel was ineffective. The issue of trial counsel ineffectiveness was presented to the state courts as an independent claim, however, as our discussion of that issue indicates, *see infra* section II(C), petitioners' trial counsel was not ineffective. Moreover, petitioners have not established that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray,* 106 S.Ct. at 2646. Petitioners' only reference to the instruction issue is that "Appellate Counsel did not review whether the jury instructions were proper because if he did their omission would have stood out." At petitioners' first post-conviction hearing, however, their appellate counsel testified that after reviewing the record and the petitioners' letters he concluded that the only viable issue for appeal was the consecutive sentences. Petitioners' speculation about their appellate counsel's review of the record does not indicate any "objective factor external to the defense" sufficient to overcome the state procedural bar.

Nor do the petitioners adequately explain why their first post-conviction counsel failed to raise the jury instruction issue. Petitioners' only allegation about the first post-conviction counsel's failure to raise the jury instruction issue is that he could not raise the issue as "he had done the exact thing complained of." This is not a sufficient explanation to overcome petitioners' procedural default. Petitioners do not support this statement nor do they even explain what this statement means. Furthermore, "[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim,

---

4. The "objective factor" standard applies to procedural default on appeal also. The Court stated:

> [W]e hold that counsel's failure to raise a *particular* claim or claims on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts. Attorney error short of ineffective assistance

of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.

*Murray,* 106 S.Ct. at 2648 (emphasis in original).

the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for procedural default." *Engle v. Isaac,* 456 U.S. 107, 134, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982) (footnote omitted).

In short, petitioners have failed to establish that the ineffectiveness of their trial, appellate, and post-conviction counsel or that some objective external factor caused the procedural default in the state proceedings. Petitioners have thus failed to establish cause for their procedural default, and the district court correctly concluded that petitioners waived their jury instruction claim by failing to raise this issue at trial, on appeal, or in their first post-conviction proceeding. Petitioners therefore may not litigate in federal court this claim that they waived in the state courts. *Engle,* 456 U.S. at 124–25, 129, 134 n. 43, 102 S.Ct. at 1570, 1572, 1575 n. 43. *See Spurlark,* 699 F.2d at 361.

■ Even, however, if we were to disregard petitioner's waiver of this claim in state court we would deny habeas relief on the merits. Although the Supreme Court has indicated that "[i]n appropriate cases [the] principles of [cause and prejudice] must yield to the imperative of a fundamentally unjust incarceration," *Engle,* 456 U.S. at 135, 102 S.Ct. at 1576, this case does not warrant such a departure from the "cause and prejudice" requirement. *See Murray,* 106 S.Ct. at 2649–50; *Clay,* 749 F.2d at 433–34. The record does not support petitioners' claim that no jury instructions were given. The record contains typed jury instructions marked "given" along with two verdict forms signed by all the jurors.

The Illinois Code of Criminal Procedure of 1963 in effect at the time of trial specifically provided that "[a]fter arguments of counsel the court shall instruct the jury as to the law." Ill.Rev.Stat. ch. 38 ¶ 115–4(i) (1985). There is nothing produced by petitioners by affidavit or otherwise from any participant in the trial—petitioners themselves, the judge, trial counsel, juror, bailiff, or any other person—that suggests that normal trial procedures were not followed. The absence in the transcript of any showing about the giving of jury instructions one way or the other is not enough to carry petitioners' burden. As the Illinois court of appeals did, we will abide by the presumption of regularity which attaches to proceedings in a trial court. *Cartee,* 60 Ill.Dec. at 532, 433 N.E.2d at 329. That presumption, however, in view of the set of instructions in the record marked "given" along with the verdicts, is under no strain.

### C. Ineffective Assistance of Counsel

Petitioners apparently also argue ineffective assistance of trial and appellate counsel as separate grounds warranting habeas relief. Petitioners claim that their trial counsel failed: (1) to object when the jury was allegedly not instructed; (2) to object to petitioners being tried while wearing prison clothes; (3) to comply with a sequestration order that prevented petitioners from calling an impeachment witness; (4) to impeach the prosecution's key witness about her past relationship with the victim; (5) to object to improper prosecution closing argument; and (6) to poll the jury and to make a motion for a new trial. Petitioners assert that appellate counsel was ineffective because he refused to look beyond the trial record and as a result failed to allege ineffective assistance of trial counsel.

The district court found that the petitioners had waived under *Wainwright* four of the six asserted grounds for trial counsel ineffectiveness, and also the appellate counsel ineffectiveness claim by not raising them in state court. Of the two remaining trial counsel grounds, the district court agreed with the Illinois appellate court that violation of the sequestration order would not have materially altered the trial's outcome because the excluded witness would not have materially assisted the defense. The district court also agreed that trial counsel's failure to cross-examine the key witness about her relationship with the victim was a tactical decision and not careless-

ness which prejudiced the petitioners. Furthermore, the district court found that petitioners had waived their claim of appellate counsel ineffectiveness by not presenting the argument in their habeas petition to the state court. The district court also stated that even if the petitioners did not waive this argument, appellate counsel's refusal to go beyond the record in presenting petitioners' direct appeal was appropriate as an appellate court's review is limited.

Petitioners' failure to argue four of the six grounds now asserted to support their trial counsel ineffectiveness claim resulted in a waiver of those grounds in state court. That waiver in state court prevents federal habeas corpus relief absent a showing of cause and prejudice. *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 361 (7th Cir.1983). *See United States ex rel. Tonaldi v. Elrod,* 782 F.2d 665, 668 (7th Cir.1986). Petitioners offer no "cause" for their failure to raise these grounds in state court and therefore petitioners have waived these arguments in federal court also. *Murray,* 106 S.Ct. at 2648–49. *See Williams v. Duckworth,* 724 F.2d 1439, 1442 (7th Cir.1983), *cert. denied,* 469 U.S. 841, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984).

As for the two grounds available to the petitioners, we agree with the district court and with the Illinois appellate court that neither of these contentions has merit. In order to establish ineffective assistance of counsel, the petitioners must show that their lawyer's performance failed to meet an objective standard of reasonableness and that this deficiency prejudiced the outcome of the trial. *United States v. Sherwood,* 770 F.2d 650, 655 (7th Cir.1985). Petitioners have not shown that their trial counsel's actions were unreasonable.

Petitioners first assert that a witness who would not have been permitted to testify because he was not excluded from the courtroom would have impeached the victim's testimony. At the hearing on petitioners' first post-conviction petition, defense counsel testified that he had not intended to call this witness. Defense counsel's decision not to call a witness is a tactical choice which is not subject to review. *See United States v. Dyer,* 784 F.2d 812, 817 (7th Cir.1986); *Arrowood v. Clusen,* 732 F.2d 1364, 1369 (7th Cir.1984). Therefore the failure to exclude this potential witness in accordance with the sequestration order did not prejudice the petitioners. Moreover, we agree with the Illinois appellate court that this witness's impeachment testimony would not have significantly helped the petitioners' defense.

Petitioners' second contention is that their trial counsel acted unreasonably in failing to cross-examine the prosecution's key witness about her past relationship with the victim. Trial counsel stated that he decided not to cross-examine the witness about this point because he thought that "an attempt to imply anything improper ... might backfire." *Cartee,* 42 Ill.Dec. at 22, 408 N.E.2d at 401. He also stated that implying an intimate relationship between the main witness and the victim would be inconsistent with the petitioners' defense theory that the witness had actually stolen the money from the victim. Thus defense counsel's decision not to impeach the prosecution's key witness about the intimacy of her relationship with the victim was also a strategic choice.

Petitioners also argue that their appellate counsel was ineffective because he would not raise the issue of trial counsel ineffectiveness based on petitioners' allegations which were not in the trial record. A claim of ineffective assistance of appellate counsel is subject to the *Strickland* test. In asserting an ineffectivenss claim, petitioners must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). *See Taylor v. Maggio,* 727 F.2d 341, 347 (5th Cir.1984) (two presumptions raised in ineffectiveness claim are first, trial counsel presumed competent, and second, failure to present particular argument or evidence presumed to be strategic choice). Petitioners here have not overcome that presumption.

Petitioners merely assert that they "made a number of allegations [to appellate counsel] about things they told their trial counsel and about things he did and did not ·do." At petitioners' first post-conviction hearing, however, their appellate counsel testified that the allegations in petitioners' letters were not relevant to an appeal and that the only appealable issue was the propriety of consecutive sentences. Appellate counsel testified that after reviewing the trial transcript and communicating with the petitioners he concluded that there were no other viable issues for appeal. Petitioners' vague allegation does not undercut the reasonableness of this conclusion or indicate that appellate counsel refused to appeal any meritorious claim. The argument that appellate counsel acted unreasonably in not raising an ineffectiveness of trial counsel claim is meritless as petitioners' trial counsel's conduct of the trial was not constitutionally deficient.

For the reasons stated above, the decision of the district court is therefore

AFFIRMED.