911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert B. KIZER, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 89-1119.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1990.*
Decided Aug. 15, 1990.
Rehearing Denied Dec. 10, 1990.
 
 Before WOOD, JR., CUDAHY, and POSNER, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant Robert B. Kizer appeals from the district court's denial of his petition for habeas corpus under 28 U.S.C. Sec. 2254. Kizer's petition argued, as he does on appeal, that he was denied the effective assistance of trial counsel, that his pre-trial identification was unconstitutionally suggestive, and that there was insufficient evidence for his convictions of attempted rape and criminal confinement. For the reasons given in the district court's thorough order, see Appendix, we AFFIRM.[1]
 
 Appendix
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 FORT WAYNE DIVISION
 
 2
 Civil No. F 88-196.
 
 
 3
 Jan. 5, 1989.
 
 ORDER
 
 4
 This matter is before the court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner Robert Kizer was charged by information with attempted rape, Ind.Code Secs. 35-42-4-1 and 35-41-5-1, and attempted child molesting, Ind.Code Secs. 35-42-4-3(c) and 35-41-5-1, both Class A felonies, and criminal confinement, Ind.Code Sec. 35-42-3-3, a Class B felony. After a trial by jury, Kizer was convicted of all three crimes. He was sentenced to 40 years for attempted rape, 40 years for attempted child molesting, and 10 years for criminal confinement, the terms to run concurrently.
 
 
 5
 Kizer appealed his conviction directly to the Indiana Supreme Court, raising three issues: (1) whether he received effective assistance of counsel; (2) whether the victim's in-court identification of him was the product of impermissibly suggestive police procedures; and (3) whether there is sufficient evidence to support his conviction. The Indiana Supreme Court upheld the convictions for attempted rape and criminal confinement, but vacated the attempted child molesting conviction as being the same offense as attempted rape. Kizer v. State, 488 N.E.2d 704 (Ind.1986).
 
 
 6
 Petitioner is currently confined at Indiana State Prison, Michigan City, Indiana. On July 15, 1988, Kizer filed his present petition asserting three claims of error in the state proceedings. First, Kizer challenges the effectiveness of trial counsel, claiming that counsel failed to object to mug-shots, stipulated the age of defendant, failed to offer an instruction on the alibi defense, failed to object to instruction on the attempt statute, failed to subpoena two defense witnesses, failed to object to prosecutor's closing statement, and failed to object to the omission in the record that a not guilty verdict form was presented to the jurors. Second, petitioner challenges the in-court identification of him, claiming that such was based upon impermissibly suggestive police procedures. Finally, Kizer challenges the sufficiency of the evidence, claiming that there is not a scintilla of evidence against him.
 
 
 7
 In petitioner's traverse to the return, he also argues that ineffective assistance of appellate counsel caused him to waive his right to full and fair review of the ineffective assistance of trial counsel issue before the Indiana Supreme Court. In that petitioner's claim of ineffective assistance of appellate counsel is pending before a state court, this court held a telephonic conference on November 23, 1988, to determine whether the habeas petition should be dismissed under Rose v. Lundy, 455 U.S. 515 (1982).
 
 
 8
 Petitioner stated during the conference, and reiterated in a verified affidavit, that ineffective assistance of appellate counsel is not a basis for his habeas petition. As the other grounds for habeas were raised on direct appeal,[1] petitioner has exhausted his state remedies and this court has jurisdiction to rule on this habeas petition.
 
 I. Ineffective Assistance of Trial Counsel
 
 9
 Respondent contends that petitioner has waived the additional grounds upon which he bases his ineffective assistance of counsel claim because he failed to present them on direct appeal to the Indiana Supreme Court. Relying on Wainwright v. Sykes, 433 U.S. 72, reh. denied 434 U.S. 880 (1977), respondent argues that since the additional grounds could have been presented on direct appeal but were not, they cannot be addressed in this habeas proceeding absent "cause and prejudice."
 
 
 10
 On direct appeal to the Indiana Supreme Court, petitioner raised two bases for ineffective assistance of counsel: counsel's failure to call Officer William Smith as a defense witness and counsel's failure to request that the jury be sequestered. Kizer does not present the jury sequestration issue in his habeas petition. The additional acts which now form the basis of Kizer's claim of ineffective assistance of counsel were not presented for review by the Indiana Supreme Court.
 
 
 11
 Recently, the Seventh Circuit decided the propriety of a district court's review of an ineffective assistance of counsel claim in a habeas petition based on a ground never raised in state court in Sotelo v. Indiana State Prison, 850 F.2d 1244 (7th Cir.1988). In Sotelo, the court held that:
 
 
 12
 [I]t was beyond the district court's authority to address the merits of [petitioner's] ineffective assistance of counsel contention because it was never raised in state court. While [petitioner] did make a sixth amendment claim in state court, it was with respect to his insanity defense, not with respect to the lie detector test. Therefore, the state courts have not had an opportunity to address the merits of the lie detector allegation, which made its debut before the district court.
 
 
 13
 Id. at 1252.
 
 
 14
 Absent a showing of cause and prejudice, waiver in state court of a "specific issue" prevents federal habeas corpus relief based on that same issue. Cartee v. Nix, 803 F.2d 296, 303 (7th Cir.1986); United States ex rel. Speerlark v. Wolff, 699 F.2d 354, 361 (7th Cir.1983). Since issues that could have been raised on direct appeal, but were not, are generally considered waived in Indiana, petitioner must show cause and prejudice before this court may properly consider the grounds for ineffective assistance of counsel not previously raised in state court. Sotelo, 850 F.2d at 1252; Williams v. Duckworth, 724 F.2d 1439 (7th Cir.1983) cert. denied, 469 U.S. 841 (1984).
 
 
 15
 In his traverse to the return, Kizer argues that he meets the cause and prejudice standard. Despite several pages in which petitioner recounts his efforts to have trial counsel raise every alleged error in the Motion to Correct Errors to the trial court, his sole cause for failure to raise all of the grounds in his direct appeal to the Supreme Court is the allegation of appellate counsel error. That issue is clearly not before this court. Further, any possible prejudice suffered by petitioner due to error by appellate counsel can be remedied at the time of determination of the issue pending in state court. Having no basis for cause in his petition for habeas as well as being unable to show prejudice at this stage of the proceedings, petitioner's waiver of the additional grounds of trial counsel error precludes this court from analyzing the merits of those contentions.
 
 
 16
 Petitioner's allegation of ineffective assistance of trial counsel due to counsel's failure to call Officer Smith as a defense witness is also marred by a procedural default. Although petitioner previously raised this issue on direct appeal to the Indiana Supreme Court, he failed to offer any proof of the content of Officer Smith's possible testimony. The court stated that "the record is insufficient as a basis upon which to evaluate trial counsel's performance." Kizer v. State, 488 N.E.2d 706.
 
 
 17
 Respondents contend that this insufficiency was a waiver of petitioner's claim, and therefore, it cannot be brought by federal habeas for the same reasons as the additional bases for petitioner's ineffective assistance of counsel claim. The analysis used above, for the previously unraised bases for the ineffective assistance of counsel claim, is inapplicable to the issue of counsel's failure to call Officer Smith. Clearly, petitioner presented this claim for review by the Indiana Supreme Court and the court had the opportunity to fully and fairly review the issue. Petitioner's relief was denied by the state, not because he waived the issue, but rather, because he failed to meet his burden of proof. Therefore, this court is not precluded from review of whether counsel's failure to call Officer Smith as a defense witness denied petitioner his constitutional right to the effective assistance of counsel.
 
 
 18
 Review of the issue is controlled by the pronouncements of the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The analysis involves two steps:
 
 
 19
 First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 20
 Id. at 687. The Seventh Circuit elaborated on the Strickland standards in United States v. Noble, 754 F.2d 1324 (7th Cir.1985), stating that:
 
 
 21
 Under the first prong of the analysis, "the defendant must show that counsel's representation fell below an objective standard of reasonableness".... This showing includes identifying "the acts or omissions of counsel that are alleged not to have been the results of reasonable and professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professional competent assistance." ... The second prong of the analysis requires that the defendant "affirmatively prove prejudice." ... This requires that "there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different ..."
 
 
 22
 Id. at 1335 (citing Strickland, 466 U.S. at 689-91).
 
 
 23
 Failing to call a defense witness, who is a police officer, for the sole purpose of impeaching the testimony of two fellow police officers is not outside the range of professional competent assistance. Such testimony could readily backfire causing more damage to the defendant than good. It is reasonable for an attorney to choose not to take the risk. "The Supreme Court's decision in Strickland makes the law eminently clear that the judgments of trial counsel involving strategic decisions made at trial will not be considered as a proper basis for bringing a Sixth Amendment ineffective assistance of counsel claim." United States v. Giangrosso, 779 F.2d 376, 380 (7th Cir.1985).
 
 
 24
 Although not necessary, the court will also consider the prejudice prong of the Strickland standard. The record before this court is totally devoid of any evidence that, assuming petitioner's counsel committed professional error, there is a reasonable probability that, but for counsel's professional error, the results of the proceeding would have been different. The Supreme Court defines reasonable probability as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Despite petitioner's pages of outrage at counsel's failure to attach the deposition testimony of Officer Smith, or an affidavit, to the record for Supreme Court review, he fails to provide this court with that evidence also. The record fails to disclose what the testimony of Officer Smith would have been. "An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsey, caprice, 'nullification', and the like." Strickland, 466 U.S. at 695. Petitioner has failed to meet his burden of showing that the decision reached by the jury "would reasonably likely have been different absent the errors." Id. at 696. There is a lack of prejudice, due to counsel error, shown on the record before this court.
 
 
 25
 II. Impermissibly Suggestive Police Procedures
 
 
 26
 Petitioner also contends that the trial court erred when it permitted the in-court identification of Kizer by the victim. Kizer argues that the victim's in-court identification of him was tainted by impermissibly suggestive police procedures because the victim was allowed to see petitioner "again and again" prior to her positive identification of him. Therefore, her identification of Kizer was based on suggestion rather than an independent factual basis.
 
 
 27
 The facts are that approximately two hours after the attack on January 12, 1983, the police took the victim to a house where she was able to view petitioner from a short distance. At that time, although she thought petitioner looked like her attacker, she could not make a positive identification because petitioner did not have the facial hair that she recalled her attacker having. About five days later the victim was shown seven "mug shots" from which she chose petitioner as looking like her attacker, but again qualified the identification as "not sure." The photo of Kizer chosen by the victim at that time was taken in April 1978. On January 28, 1983, the victim was shown two more sets of photographs, one in color and the other black and white. She positively identified the photos of Kizer in each set. None of the total of twenty-one photographs shown to the victim were the same; even the three photos of Kizer were completely different and taken at different times. Finally, in May, 1983, upon the request of defense counsel, the victim positively identified Kizer during a line-up.
 
 
 28
 The Seventh Circuit has addressed the propriety of an in-court identification allegedly based on impermissibly suggestive pretrial photo displays. In U.S. v. L'Allier, 838 F.2d 234 (7th Cir.1988), the court summed up the applicable law thus:
 
 
 29
 Suggestive confrontations are disapproved because they increase the risk that a conviction will be based on a misidentification. The court must consider the facts of each case to determine whether or not "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." If the confrontation procedure was impermissibly suggestive, an in-court identification will be permitted only if under the "totality of the circumstances the identification was reliable."
 
 
 30
 The defendant has the initial burden of establishing that the confrontation procedure was impermissibly suggestive. Only if the defendant meets this initial burden will the court consider the admissibility of the identification under the "totality of the circumstances" test.
 
 
 31
 Id. at 239 (citations omitted).
 
 
 32
 Kizer fails to meet his initial burden of proving that there was a substantial likelihood that the victim's identification was based on irreparable misidentification.
 
 
 33
 There is no evidence that the police who displayed the photos or conducted the line-up said or did anything that would have suggested that the victim should pick Kizer from the group. The photos themselves were not suggestive as shown since all the photos in each set were similar: i.e., all black and white front view, all color with individuals holding jail numbers and all front view with mirrored profiles.[2] Further, aside from the photos and in person identification, the victim initially gave a description of her attacker which Kizer fit. Also, she testified that she stood face to face with her attacker at the time of the attack and that she remembered what he looked like when she identified Kizer in court. That testimony was subject to cross-examination and it was for the jury to determine its credibility.
 
 
 34
 In addition, the Indiana Supreme Court found that even if the one on one confrontation was unnecessarily suggestive, it did not taint the subsequent identification because:
 
 
 35
 The show-up on the street did not result in a firm identification of appellant as her assailant, and the victim did not abandon her recollection of her assailant as having had distinctive facial hair throughout the subsequent identification procedures ... there was a sufficient independent basis to support the in-court identification. The victim recognized appellant as the same man she had observed in the general vicinity of the attack on the day before the attack. On the day of the attack, appellant walked beside the victim for several blocks, attempting to make conversation. Although still dark, the street lights made it possible for the victim to observe the scar on appellant's brow and his droopy eyes. Immediately after the attack, she gave the police officers a description of appellant, including his height and his long sideburns and his mustache."
 
 
 36
 Kizer v. State, 488 N.E.2d at 707. These findings of subsidiary facts by the Indiana Supreme Court are entitled to a presumption of correctness. Dooley v. Duckworth, 832 F.2d 445, 447 (7th Cir.1987), citing Sumner v. Mata, 455 U.S. 591 (1982). Therefore, not only has petitioner failed to prove that the photographic displays and line-up were unduly suggestive, but there were sufficient independent facts upon which the victim could identify Kizer even if the one-on-one confrontation had been suggestive.
 
 III. Sufficiency of the Evidence
 
 37
 Kizer finally contends that there was insufficient evidence to support a guilty verdict on the attempt charges. Specifically, petitioner argues that the state failed to present evidence which showed that he attempted to have sexual intercourse with the victim or that he had the specific intent to commit the crime of attempted rape. Kizer also argues that the state failed to disprove his alibi defense beyond a reasonable doubt.
 
 
 38
 Reiterating the standard applicable to claims of insufficiency of the evidence, the Seventh Circuit stated that:
 
 
 39
 When presented with a claim of insufficient evidence we will "affirm the verdict if the evidence, when viewed in the light most favorable to the government, establishes that any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." This is a very heavy burden for a defendant to meet. The burden becomes even heavier, however, where there is a claim of insufficient evidence because of the unreliability of one or more witnesses. Matters of witness credibility, absent "extraordinary circumstances," are solely for the jury to evaluate.
 
 
 40
 United States v. Muskovsky, No. 87-3103, slip-op. at 3 (7th Cir. December 8, 1988) (citations omitted).
 
 
 41
 Federal courts in habeas corpus proceedings must "show a high measure of deference to the fact findings made by the state courts." Sumner v. Mata, 455 N.E.2d 591, 198 (1982). Accord Dooley v. Duckworth, 832 F.2d 445, 447 (7th Cir.1987). The Indiana Supreme Court found that:
 
 
 42
 The testimony of the victim at trial pointing out appellant as her assailant was sufficient to show identification, and her testimony that appellant forced her at knife point to remove her jacket and place it on the ground and to lie upon it on her back, and that appellant forced her to commence removing her pants was sufficient to show his intent to have sexual intercourse.
 
 
 43
 Kizer v. State, 488 N.E.2d at 707. Furthermore, the victim's identification of Kizer also was sufficient to rebut his alibi defense. Petitioner has not established any "extraordinary circumstances" from which this court can disturb the jury's evaluation of the victim's credibility.
 
 
 44
 Having examined the record in this case, showing deference and applying the appropriate standard, this court concludes that there was more than sufficient evidence in the record to support the factual conclusion that petitioner knowingly or intentionally attempted to rape and criminally confined the victim.
 
 Conclusion
 
 45
 Accordingly, based on the foregoing, Kizer's Petition Under 28 U.S.C. Sec. 2254 for Writ of Habeas Corpus is hereby DENIED.
 
 
 46
 /s/ William C. Lee, Judge
 
 United States District Court
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 We note that the posture of this case raises an exhaustion problem under Rose v. Lundy, 455 U.S. 515 (1982). Kizer has clearly exhausted some of the claims in his habeas petition, but has not exhausted his claim of ineffective appellate counsel, which is still pending in the state court post-conviction proceeding. Because that claim is potentially inextricably intertwined with most of Kizer's ineffective trial counsel claims, since he cannot raise those trial counsel claims without raising the ineffective appellate counsel claim as "cause", there is a question whether Kizer can withdraw the appellate counsel claim for now while leaving the trial counsel claim in his petition. His petition may very well be a "mixed petition", and creates a possible future scenario of Kizer coming back to federal court after the state proceedings have terminated and raising his appellate counsel and trial counsel claims in another habeas petition. However, the state has not raised this potential exhaustion problem here, and in fact stated in its "Return to Order to Show Cause" in the district court that "[p]etitioner has apparently exhausted his available state remedies on the issues raised in the petition." We therefore decline to consider the Rose v. Lundy issue since the state has waived it
 We also note that Kizer's claim that his trial and appellate counsel had a conflict of interest because both were County Public Defenders rather than the appellate counsel being a State Public Defender, as Kizer apparently requested, is not before us on appeal. Kizer filed an affidavit in the district court waiving his ineffective appellate counsel claims in the current proceedings, and this issue is currently the subject of an ongoing state court proceeding.
 
 
 [1]
 The fact that petitioner waived several of the bases for his ineffective assistance of counsel claim (as discussed infra) should not be confused with the exhaustion requirement. Waiver is a separate question from exhaustion. The exhaustion requirement of 28 U.S.C. Sec. 2254(b) refers only to remedies still available at the time of the federal habeas petition. Enole v. Isaac, 456 U.S. 107, 125 n. 28 (1982); Sotelo v. Indiana State Prison, 850 F.2d 1244, 1252 n. 9 (1988)
 
 
 [2]
 The only photos which did not look like the others in the set were exhibits Nos. 11 and 27. In exhibit 11, the individual was front view only and the photo was printed vertically whereas all the others in the set were against mirrors showing both profiles and printed horizontally. In exhibit 27, the individual was against an inch marked background whereas all the others were against plain backdrops. Neither exhibit 11 nor 27 were photos of Kizer