920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard WHEELER, Petitioner-Appellant,
v.
Gordon ABRAHAMSON, Superintendant, Dodge Correctional
Facility, Respondent-Appellee.
 No. 90-1137.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 6, 1990.
Decided Dec. 11, 1990.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 Order
 
 1
 Petitioner-Appellant Richard Wheeler brings this appeal from the district court's denial of his petition for writ of habeas corpus. Wheeler was tried and convicted for the contract murder of his former wife, Carolyn Hudson, under Wis.Stat. Secs. 940.01 (first degree murder) & 939.05 (conspiracy). The primary and most incriminating evidence against Wheeler was the testimony of Joseph Hecht, the man who, after receiving from Wheeler a stack of one-hundred dollar bills, a photograph of Ms. Hudson and directions to her home, shot Ms. Hudson four times at close range. Hecht admitted that he intentionally killed Hudson, and further that that was precisely what Wheeler had hired him to do (although his testimony wavered a bit on this second point; he also claimed to have been hired to "hurt" and/or "scare" her; Wheeler testified that he paid Hecht to "scare the hell out of her").
 
 
 2
 In his petition, Wheeler alleges constitutional error in the state trial court judge's refusal to give a jury instruction and verdict form for the lesser offense of felony murder. Wis.Stat. Sec. 940.03 (1983-84). Wheeler's defense was that he committed the offense of intimidating a witness (Ms. Hudson was a potential witness in a scheduled hearing to increase Wheeler's child support payments, the apparent reason for the murder), and that the murder took place as a consequence of that action. As we made clear in Nichols v. Gagnon, 710 F.2d 1267, 1268-69 (7th Cir.1983), cert. denied, 466 U.S. 940 (1984), a state court's failure to instruct on a lesser included offense does not warrant federal habeas relief unless this failure "could be said to have amounted to a fundamental miscarriage of justice ... likely to have resulted in the conviction of an innocent man." (quotation omitted) Wheeler has failed to carry his burden of establishing such a miscarriage here; even more so because a felony murder instruction would have been contrary to Wisconsin law in this case. See State v. Shears, 68 Wis.2d 217, 242-43, 229 N.W.2d 103, 116 (1973) (if killing itself is intentional, the homicide cannot be characterized as felony murder); Pollack v. State, 215 Wis. 200, 253 N.W. 560 (1934) (if intentional murder committed as natural and probable consequence of conspiracy to commit lesser offense, each conspirator has same culpability as murderer).
 
 
 3
 Wheeler is barred from raising his other challenge to one of the court's conspiracy instructions because he failed to appeal this issue up through the Wisconsin state courts, or to demonstrate cause for and prejudice from this failure. See Cartee v. Nix, 803 F.2d 296, 303 (7th Cir.1986). Nor has Wheeler established that an attempt at such an appeal would have been futile as contemplated in Williams v. Duckworth, 724 F.2d 1439, 1443 n. 5 (7th Cir.1983).
 
 
 4
 Thus, for the foregoing reasons, the district court's denial of habeas relief is
 
 
 5
 AFFIRMED.