UNITED STATES of America ex rel. William WILSON, Relator-Appellant,

v.

Frank J. PATE, Warden, etc., Respondent-Appellee.

No. 14430.

United States Court of Appeals Seventh Circuit.

June 12, 1964.

William Wilson, James D. Montgomery, Chicago, Ill., Montgomery, Holt & Bolden, Chicago, Ill., of counsel, for appellant.

William G. Clark, Atty. Gen., Richard A. Michael, Chicago, Ill., Raymond S. Sarnow, Asst. Atty. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Petitioner William Wilson has appealed from a denial by the district court of his petition for a writ of habeas corpus.

In January, 1956, petitioner was indicted by the grand jury of Peoria County, Illinois for robbery with a dangerous weapon.

In March, 1956, he was tried by a jury. He was represented by counsel and entered a plea of not guilty.

Frank Jackson, an alleged accomplice of petitioner, testified for the prosecution. Jackson, in answer to questions by the State's Attorney of Peoria County, James P. Kellstedt, testified as follows:

"Q. Now, you talked to me several times about this case in the week, haven't you?

"A. Yes, Sir.

"Q. I don't think, I had ever talked to you before.

"A. No. You haven't.

"Q. Have I promised you any sympathy or reward for testifying?

"A. No.

"Q. And you have talked to the people several times haven't you?

"A. Yes, Sir."

On cross-examination by petitioner's attorney, Jackson answered:

"Q. And when you talked to the sheriff, you say now that neither he nor the Assistant State's Attorney, nor the investigator, nor the State's Attorney made any promises whatsoever?

"A. No, Sir.

"Q. And you don't expect any, do you?

"A. No, Sir."

Petitioner was found guilty and sentenced to the Illinois State Penitentiary for a term of life imprisonment.

Jackson entered a plea of guilty to the same indictment, one day after petitioner was found guilty, and was sentenced to the Illinois State Penitentiary for a term of not less than fifteen nor more than twenty years.

In December, 1957, Jackson filed a petition for post conviction hearing alleging that his testimony against petitioner, as hereinabove set out, was in response to a promise from Kellstedt that he (Jackson) would receive a sentence of from five to seven years.

Accompanying Jackson's petition were three documents entitled "affidavits." Fred W. Montgomery, sheriff of Peoria County, testified at Jackson's post con-

viction hearing that he had received these three documents in the mail from Jackson, addressed to himself, Kellstedt and Edward J. Connor, the victim of the alleged robbery. These documents stated, in essence, that Kellstedt promised, in the presence of Montgomery and Jackson, that Jackson would receive a five to seven year sentence if he would testify against petitioner.

Montgomery testified that he signed the document addressed to him and that the contents of the document were true.

Kellstedt testified that he did not recall reading or signing the document addressed to him but that it contained his signature. He stated that he did not make any promises to Jackson and that the statements in the document were false.

Jackson's post conviction plea was denied and his petition for relief was dismissed.

On September 22, 1959, petitioner filed a petition for post conviction hearing in the Circuit Court of Peoria County, alleging violation of his constitutional rights due to the knowing use of perjured testimony by the State of Illinois in obtaining his conviction. Petitioner was represented by court appointed counsel.

This petition was denied and dismissed. On or about September 29, 1960, the Supreme Court of Illinois affirmed.

The United States Supreme Court denied certiorari. Wilson v. Illinois, 366 U.S. 912, 81 S.Ct. 1087, 6 L.Ed.2d 237 (1961).

Thereafter, petitioner filed the instant petition for writ of habeas corpus in the district court. He was represented by counsel of his own choice at a hearing in which Jackson, Connor and Kellstedt testified.

Jackson testified that Kellstedt promised him a five to seven year sentence in return for his testimony against petitioner.

Kellstedt denied promising Jackson "any specific sentence." He stated that "it was implicit in his [Jackson's] cooperation we would attempt to get a lesser sentence than perhaps if he had been tried and convicted." Kellstedt said that he signed the document without reading it.

Connor testified that he was not aware of any promise to Jackson for his testimony. He stated that he signed the document without reading it and that the statements contained therein were not true.

Petitioner was personally present at his hearing and did not testify in support of the allegations in his petition.

The district court refused to allow the documents signed by Connor and Kellstedt to be admitted into evidence.

The district court made findings of fact and conclusions of law,[1] entered

---

1. "FINDINGS OF FACT.

"1. That Relator was tried for the crime of robbery before the Circuit Court of Peoria County, Illinois, by a jury of his peers which said jury returned a verdict of guilty on or about the 23rd day of April, 1956.

"2. That one James P. Kellstedt, State's Attorney of Peoria County, Illinois at the time aforesaid personally tried the case against Relator on behalf of the People of the State of Illinois.

"3. That one Frank Jackson, an accomplice of Relator herein, testified as a state's witness at the trial aforesaid.

"4. That neither James P. Kellstedt nor any other person or persons at no time prior to or during the trial of Relator herein promised the said Frank Jackson sympathy or reward in exchange for his (Jackson's) testimony against Relator herein.

"5. That Frank Jackson was not promised a sentence of from five (5) to seven (7) years in exchange for his testimony against Relator herein.

"CONCLUSIONS OF LAW.

"1. That this Court has jurisdiction of the parties hereto and the subject matter hereof.

"2. That the conviction of Relator herein, William Wilson, was not based upon perjured testimony.

"3. That Relator received a fair and impartial trial in the Circuit Court of Peoria County, Illinois in accordance with the Constitution of the United States of America.

judgment against petitioner and dismissed the petition for writ of habeas corpus.

The issues before us on appeal are whether the finding of the district court that petitioner's conviction was not based on perjured testimony is clearly erroneous; and, whether the district court committed reversible error in excluding from evidence the signed documents of Connor and Kellstedt.

The Supreme Court in Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959) stated, "The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness."

■ The burden of proving that testimony was false and that it was knowingly and intentionally used by the State is on petitioner. United States ex rel. Rooney v. Ragen, 7 Cir., 158 F.2d 346, 351 (1947), cert. denied, 331 U.S. 842, 67 S.Ct. 1532, 91 L.Ed. 1853.

The district court found that petitioner failed to sustain this burden and we cannot set this finding aside unless we are convinced that it is clearly erroneous.

■ The testimony was conflicting on this issue. The district court observed the witnesses and, giving due regard to its opportunity to judge their credibility and weigh the evidence, we hold the district court's finding on this issue was not clearly erroneous.

Petitioner alleges that the district court's ruling that the documents signed by Connor and Kellstedt were not admissible in evidence was reversible error.

Even assuming these documents (which were not sworn to) qualified as affidavits, we have held that they would not be admissible as evidence on the merits in a habeas corpus hearing. United States ex rel. Rooney v. Ragen, 158 F.2d at 351.

Petitioner contends, alternatively, that these documents should have been admitted for the limited purpose of impeachment.

■ Connor and Kellstedt, at the hearing in the district court, admitted they had signed the documents and testified concerning their contents. These admissions were evidence for impeachment purposes and the admission of the documents would have added nothing new. There was no dispute as to the contents of the documents and petitioner was not prejudiced by the ruling of the district court. No reversible error was committed by their exclusion. Ditrich v. United States, 10 Cir., 243 F.2d 729, 731 (1957); 58 Am.Jur., Witnesses, § 780, at 430 (1948).

In sum, it is clear that petitioner sought and was granted a complete hearing in the district court. He was personally present and was represented by private counsel. Witnesses were present and testified, although petitioner did not avail himself of this privilege. The trial court made appropriate findings of fact and conclusions of law. There was no prejudicial error in the record.

The order of the district court dismissing petitioner's petition for a writ of habeas corpus is affirmed.

Affirmed.

"4. That Relator is lawfully in the custody of Respondent, Frank J. Pate,

Warden of the Illinois State Penitentiary."