UNITED STATES of America ex rel. Jose GUILLEN, Petitioner,

v.

Richard DeROBERTIS, et al., Respondents.

No. 83 C 4409.

United States District Court, N.D. Illinois, E.D.

March 6, 1984.

1552

Jose Guillen, pro se.

Neil F. Hartigan, Atty. Gen. of State of Ill. by Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondents.

## OPINION

BUA, District Judge.

Petitioner Jose Guillen is an inmate at the Stateville Correctional Center in Joliet, Illinois. In a bench trial in the Circuit Court of Cook County held in December, 1974, he was convicted of one count of murder and two counts of attempted murder. He was sentenced to serve concurrent terms of 50 to 100 years for the murder and 10 to 30 years for each count of attempted murder. His conviction was affirmed by the Illinois Appellate Court in an unpublished order. *People v. Guillen*, 43 Ill.App.3d 1073, 4 Ill.Dec. 956, 360 N.E.2d 1389 (1st Dist.1976). His appeal from the denial of a post-conviction hearing was also affirmed by the Illinois Appellate Court in an unpublished order. *People v. Guillen*, 108 Ill.App.3d 1209, 68 Ill.Dec. 583, 446 N.E.2d 317 (1st Dist.1982).

Before the court is respondents' motion to deny and dismiss Guillen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, respondent's motion to deny and dismiss is hereby granted. The assertions of the petitioner will be considered seriatim.

I. *Guilt Beyond a Reasonable Doubt*

Petitioner's first asserted ground for relief is that he was not proven guilty beyond a reasonable doubt. In support of this contention petitioner cites the trial testimony of six witnesses, which, he claims, shows that the state did not discharge its burden of proof.

Under § 2254, a state prisoner is entitled to a determination whether the record evidence could support a finding of guilt beyond a reasonable doubt, *Moore v. Duckworth*, 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979). The standard is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Findings of fact are entitled to a presumption of correctness. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

Under the facts of this case, it is clear that a rational trier of fact could have found petitioner guilty beyond a reasonable doubt. At trial, the testimony of two witnesses was received who identified the petitioner as the one who shot at the bartender, Julio Ortiz. There was also evidence which indicated that the petitioner shot Officer Wasco. However, direct evidence that the petitioner shot Officer Wasco was not necessary, because under Illinois law, the petitioner could be found accountable for the conduct of an accomplice under the felony murder doctrine. Ill.Rev.Stat.1971, ch. 38, par. 9–1(a)(3). Since there was testimony that indicated that the petitioner was acting in concert with another shooter, there was ample evidence that would make petitioner accountable for the attempted murder of Officer Wasco. There is also sufficient evidence from which the finder of fact could hold petitioner accountable for the death of the second policeman, Officer Strugala. The record reveals testimony which supports the theory that petitioner set in motion a train of events which led to the death of Officer Strugala. As the Illinois Appellate Court noted, the fact that it may be impossible to determine who shot Officer Strugala is immaterial as the operation of the felony-murder statute imposes liability on individuals who are in the act of committing a forcible felony when the kill-

ing occurs if such felonious acts lead to the death. Viewing the evidence in the light most favorable to the prosecution, this court cannot say that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. To the contrary, this court finds substantial evidence upon which the trier of fact could have based his conclusions. Accordingly, petitioner's first claim is dismissed.

## II. *Denial of Effective Assistance of Counsel*

 Petitioner's second assertion is that he was denied his right to effective assistance of counsel. The petitioner's bond had been set at $10,000. Later, that same day, the bond court proceeded with a hearing on the State's motion for vacation of bond. This was done in the absence of petitioner's private counsel. However, petitioner was represented by an assistant public defender at the second bond hearing. The court granted the State's motion and vacated the previously set bond.

The Illinois Appellate Court held that the order revoking bond was an appealable order under Ill.Rev.Stat.1973, ch. 110A, ¶ 604(C), and that the petitioner's failure to timely appeal the order, precluded any consideration of the order's propriety. *See People v. Henderson*, 36 Ill.App.3d 355, 344 N.E.2d 239 (1st Dist.1976).

A state prisoner, who is barred by procedural default from raising a constitutional claim on direct appeal, cannot litigate that claim in a § 2254 habeas corpus proceeding without showing cause for and actual prejudice from the default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Clearly, petitioner had the opportunity to appeal the bond revocation with the aid of his private counsel. His failure to comply with the state procedural rule requiring an appeal of bail orders before conviction waives petitioner's right to raise the issue in this proceeding. Petitioner has made no attempt to assert either the cause for the failure to appeal or the actual prejudice which resulted from his failure to appeal, nor does it appear that such assertions could successfully be made. Absent these essential elements, this court is without the power to consider petitioner's claim that he was denied effective assistance of counsel at the bond revocation hearing. Petitioner's allegation that he was denied effective assistance of counsel is hereby dismissed.

## III. *Denial of Request for New Counsel*

 Petitioner's third contention is that his Sixth and Fourteenth Amendment rights were violated when the trial court denied his request for new counsel and counsel's motion to withdraw.

The Illinois Appellate Court noted that the request for new counsel was made on the day of trial. The Court also found that the petitioner was represented by counsel for three months and had indicated no dissatisfaction until the time of trial. The petitioner had not indicated the source of his dissatisfaction or that he would be able to obtain other counsel. The case had been set for trial and witnesses had arrived from Texas and Mexico. The court found that counsel afforded the petitioner "very competent representation" at trial and that there was no evidence that petitioner was prejudiced by the trial court's denial of the motions.

There is no absolute right to counsel of one's choosing and a mere denial of a continuance to substitute counsel does not deprive a defendant of any constitutional right. *U.S. ex rel. Baskerville v. Deegan*, 428 F.2d 714 (2d Cir.1970). Courts must carefully consider requests for appointment of new attorneys to be sure that such requests are not interposed for delay. *United States v. Llanes*, 374 F.2d 712 (2d Cir.1967).

Where, as in this case, the request for new counsel was made on the day trial was to begin and the petitioner had not indicated his dissatisfaction with counsel prior to that time, it cannot be said that the trial court abused its discretion in denying petitioner's or his counsel's motion. It is more likely that the motions were made to delay

the trial and thus were correctly denied. Petitioner's third claim is thus dismissed.

IV. *Improper Argument in Aggravation at the Sentencing Hearing*

 Petitioner next claims that his right to a fair sentencing hearing in aggravation and mitigation was violated when the prosecution presented a false summarization of trial testimony to the court. Specifically challenged are the statements of the prosecution that a police officer had testified that petitioner had fired shots at him and that petitioner had a handkerchief on his head when he walked out of the bar where the incident occurred.

From the record, it is apparent that a lay witness, and not a police officer, testified that petitioner fired shots at the officer. Further, nowhere in the record is there any evidence that petitioner did indeed have a handkerchief on his head when he left the bar.

The inaccuracies of the summary notwithstanding, petitioner has failed to state a claim based on improper argument at the sentencing hearing. Under Illinois law, it must be apparent that the sentence a defendant receives was affected by the inadmissible statements to the substantial prejudice of the defendant. *People v. Flynn*, 23 Ill.App.3d 730, 320 N.E.2d 138 (1974). In addition, it is presumed that, having heard the trial testimony, the sentencing judge would disregard any incompetent or otherwise improper evidence. *People v. McCullough*, 5 Ill.App.3d 796, 283 N.E.2d 926 (1972). Plaintiff has not specifically alleged any connection between the misstatements and the length of his sentence and has wholly failed to overcome the presumption that the sentencing judge disregarded the improper statements.

Even if a connection had been shown between the improper statements and the severity of petitioner's sentence, such a showing would not be of constitutional magnitude. This is especially so where, as here, there is no allegation of prosecutorial misconduct so severe as to devastate the fairness of the proceeding so as to constitute a denial of due process. *U.S. ex rel.*

*Burnett v. State of Illinois,* 619 F.2d 668 (7th Cir.1980); *Higgins v. Wainwright,* 424 F.2d 177 (5th Cir.1970).

The length of a sentence is purely a matter of legislative prerogative. *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982); *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). As the sentences given petitioner in the case at bar are within the legislated limits, and as no prejudicial prosecutorial misconduct is alleged, petitioner's claim that he was unconstitutionally prejudiced by the prosecution's improper argument at the sentencing hearing is without merit.

V. *Denial of Motion for New Trial*

 Petitioner's fifth contention is that the trial court's denial of his motion for a new trial based on newly discovered evidence violated his right to due process of law. Petitioner's motion was not supported by any affidavits. Further, the proposed evidence relied on was the statement of a relative of the petitioner who had given different testimony when he appeared before the grand jury prior to petitioner's conviction.

The Illinois Appellate Court held that the evidence which might have been introduced did not come under the category of newly discovered evidence because the identity of the witness was known to both sides at trial and, at best, would merely contradict or impeach the evidence heard at trial. Saying that the granting of the motion was discretionary with the trial court and would only be reversed in cases of manifest abuse, the court concluded that the denial of the motion by the trial court was not an abuse of discretion.

The existence of newly discovered evidence relevant to the guilt of a defendant is not a ground for relief in a federal habeas corpus proceeding. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Thus, even if petitioner's discoveries could be classified as "newly discovered evidence," this court could not afford him relief. Petitioner, however, attacks the *denial* of the motion as lacking due process.

The standard for determining whether or not a motion for a new trial will be granted is a matter of state law and unless there is a denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved. *See United States ex rel. Harris v. Illinois,* 457 F.2d 191 (7th Cir.1972), *cert. denied,* 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972); *Cramer v. Fahner,* 683 F.2d 1376 (7th Cir.1982). Such rights are not implicated in the case at bar. As no matter of constitutional magnitude is involved in this issue, this Court will not disturb the ruling of the Illinois Appellate Court. That court's ruling is based solely on Illinois law and cannot be considered by this Court.

## VI. *Dismissal of Post-Conviction Petition*

 Petitioner's final contention is that he was denied due process of law when the Circuit Court of Cook County dismissed his post-conviction petition without a hearing. In the post-conviction petition, the petitioner alleged that the State, through threats and bribes, used perjured testimony to convict him. He also alleged that the threats and bribes were used to prevent potential witnesses from testifying on his behalf.

The Illinois Appellate Court, in an unpublished opinion, *People v. Guillen,* 108 Ill. App.3d 1209, 68 Ill.Dec. 583, 446 N.E.2d 317 (1st Dist.1982), held that the post-conviction petition was properly dismissed. The court held that the allegations of perjury were conclusory and that there was therefore no need for an evidentiary hearing on the issue. With regard to the allegation that threats and bribes were used to prevent potential witnesses from testifying on his behalf, the court held that one witness' testimony could not be considered on *res judicata* grounds. As for the other two witnesses, the court held that their testimony that the petitioner did not shoot at any police officer would have made no difference since the evidence also supported petitioner's conviction under the felony-murder and accountability statutes.

Where the petitioner in a habeas corpus proceeding alleges that perjured testimony was used against him to obtain his conviction, he has the burden of proving the perjury and that it was knowingly and intentionally used by the prosecution. *U.S. ex rel. Wilson v. Pate,* 332 F.2d 886 (7th Cir.1964). The Illinois Appellate Court found that petitioner's perjury allegations were conclusory and that therefore no evidentiary hearing was required. This Court agrees and accordingly denies petitioner's final contention.

## VII. *Conclusion*

The petitioner in the case at bar has, for the foregoing reasons, failed to state a claim which is cognizable under federal habeas review under 28 U.S.C. § 2254. Accordingly, the petition for a writ of habeas corpus is denied and dismissed.

IT IS SO ORDERED.