925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Adrian LOMAX, Plaintiff/Appellant,
v.
Gerald HEERINGA and Captain Siedschlag, Defendant/Appellees.
 No. 90-1846.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 14, 1991.*
Decided Feb. 21, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 I. BACKGROUND
 
 1
 On January 31, 1983, a disturbance occurred at the Waupun Correctional Institution in which prisoners took over the school building and recreation hall, taking both staff and inmates as hostages. Superintendent Thomas Israel ordered the suspension of prison rules pursuant to Wis.Admin.Code Sec. HSS 306.22(5), resulting in the entire institution being placed in general lockdown. Late that afternoon, order was restored, and all of the prisoners who were in those buildings when the outbreak occurred were placed in temporary lockup until a determination was made regarding which inmates were responsible for the disturbance.
 
 
 2
 Plaintiff Adrian Lomax was one of the prisoners in the school building at the time the disturbance took place. He remained in temporary lockup until February 3, 1983, when it was determined that he had played no part in the disturbance. He initiated this civil rights action pursuant to 42 U.S.C. Sec. 1983, alleging that the prison officials failed to comply with Wis.Admin.Code Sec. HSS 303.11,[1] because they provided Lomax with neither a reason for the confinement nor an opportunity to respond. Lomax requested compensatory and punitive damages from each defendant as well as a declaratory judgment that the defendants violated his constitutional rights.
 
 
 3
 The defendants moved for summary judgment, arguing that the notice and opportunity provisions of section 303.11 were superseded by the emergency provisions of section 306.22. Lomax countered that order was restored prior to his being placed in temporary lockup, and therefore his due process rights were violated.
 
 
 4
 The district court granted defendants' motion for summary judgment. The court had two bases for its decision. First, it found that the defendants were protected by qualified immunity. Second, it found that Lomax did not have a liberty interest in the procedures set forth in section 303.11 because of this circuit's recent holding in Russ v. Young, 895 F.2d 1149 (7th Cir.1989).
 
 
 5
 On appeal, Lomax only asks us to reconsider our decision in Russ v. Young and find that Wis.Admin.Code Sec. DOC 303.11 creates a constitutionally protected liberty interest in remaining out of temporary lockup status.
 
 II. ANALYSIS
 
 6
 This court reviews a district court's grant of summary judgment de novo, Wolf v. Larson, 897 F.2d 1409, 1411 (7th Cir.1990), viewing the record and all inferences drawn from it in the light most favorable to the party opposing the motion. Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir.1989). A reviewing court must decide whether the record shows no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Wolf, 897 F.2d at 1411. In this case the facts are not in dispute--the only issue is a legal one.
 
 
 7
 Although the due process clause itself does not create a liberty interest in a prisoner's remaining in the general population, Kellas v. Lane, No. 89-2923, slip op. at 4 (7th Cir. Jan. 22, 1991), "state law may create enforceable liberty interests in the prison setting," Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909 (1989), by placing substantive limitations on official discretion. Joihner v. McEvers, 898 F.2d 569, 571 (7th Cir.1990). The test for whether a statutory or regulatory procedure creates a protected due process interest is whether the procedure uses "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed." Wallace v. Robinson, 914 F.2d 869, 873 (7th Cir.1990).
 
 
 8
 The principle of stare decisis requires decisions to be made in accordance "with previous authoritative decisions in similar cases emanating from one's own circuit and from the Supreme Court." United States ex rel. Shore v. O'Leary, 833 F.2d 663, 667 (7th Cir.1987). The proponent of overruling precedent carries a heavy burden of persuading the court that changes in society or in the law dictate that a greater objective deserves more value than that served by stare decisis. Vasquez v Hillery, 474 U.S. 254, 266 (1986). Lomax, however, argues that Russ was wrongly decided and asks this court to reconsider that holding. Lomax asserts that the Russ court focused on the word "may" in the rule rather than on "only if."[2] Lomax's contention has no merit.
 
 
 9
 In Russ, we held that "[a]lthough Sec. HSS 303.11 offers the prison officials guidelines as to when a prisoner might be placed in TLU confinement, those guidelines fall far short of creating a federal constitutional liberty interest." Russ, 895 F.2d at 1154. In so holding, this court specifically considered all of the language of Wis.Admin.Code Sec. HSS 303.11 and concluded that the requirement that the officer be satisfied does not place a substantive limitation on his discretion. Id. We relied on precedent in this circuit establishing that prison directives which charge the staff with using their professional judgment, even within specific guidelines, are intended to guide prison officials rather than inmates and therefore do not create a liberty interest. Miller v. Henman, 804 F.2d 421, 427 (7th Cir.1986).
 
 
 10
 Lomax has not given this court a sound reason why we should overrule our recent decision in Russ v. Young. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 At the time of the occurrence, the relevant administrative rules were found under title "HSS." As of January 1, 1990, when the Wisconsin Department of Corrections was created, the rules are found under the title "DOC."
 
 
 [2]
 The relevant part of the regulation reads:
 An inmate may be placed in TLU only if the decision maker is satisfied that it is more likely than not that one or more of the following is true....
 Wis.Admin.Code Sec. DOC 303.11(4).