952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Phillip W. HUTCHINSON, Petitioner/Appellant,
v.
Thomas RICHARDS, et al., Respondents/Appellees.
 No. 90-2373.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided Jan. 13, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Phillip Hutchinson, presently serving a fifteen year burglary sentence in Indiana, appeals the district court's denial of his habeas corpus petition. 28 U.S.C. § 2254. For the reasons discussed below, we affirm.
 
 BACKGROUND
 
 2
 After a jury convicted him of burglary in 1986, Hutchinson appealed his case to the Indiana Supreme Court, but lost. He then sought post-conviction relief in the state court, but was again denied. The district court then denied his § 2254 petition. Hutchinson raises four issues on appeal. Facts pertinent to these claims will be discussed as necessary.
 
 ANALYSIS
 A. Jury Selection
 
 3
 Hutchinson alleges that the jury selection process and the composition of the venire violated his Sixth and Fourteenth Amendment rights. First, he charges the prosecutor with purposeful racial discrimination in that he used a peremptory challenge to remove the sole eligible black venire member. Such discrimination is unconstitutional under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986), unless the state can rebut a defendant's prima facie showing with proof that it used " 'permissible racially neutral selection criteria.' " Id. at 94, 106 S.Ct. at 1721 (quoting Alexander v. Louisiana, 405 U.S. 625, 632, 92 S.Ct. 1221, 1226 (1972)). The prosecution excluded the black venire member in this case because his brother had been prosecuted by members of this prosecutor's staff and convicted of a felony. This was a sufficient, racially neutral justification for the peremptory challenge.[1] See Hernandez v. New York, 111 S.Ct. 1859 (1991).
 
 B. Conflict of Interest
 
 4
 Hutchinson's second and third claims stem from the system the state court used to appoint his public defender and the performance of the public defender. In this case the same judge who heard the case also appointed Hutchinson's defender. According to Hutchinson this "contractual relationship" placed his attorney in a conflict of interest, meaning he was unable to give Hutchinson effective assistance of counsel. Further, Hutchinson claims, the judge and prosecutor knew of this conflict of interest and did nothing, depriving him of due process.
 
 
 5
 To prevail on an ineffective assistance of counsel claim, a petitioner must show that the attorney's performance was deficient and that this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); United States ex rel. McCall v. O'Grady, 908 F.2d 170, 173 (7th Cir.1990). In an ineffective assistance of counsel claim based on a conflict of interest, however, prejudice will be presumed if it is shown that the attorney actively represented conflicting interests. Crisp v. Duckworth, 743 F.2d 580, 588 (7th Cir.1984), cert. denied, 469 U.S. 1226, 105 S.Ct. 1221 (1985) (citing Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708 (1980). In this case, however, Hutchinson has not shown that his counsel actively represented conflicting interests. His bare allegation of a "contractual relationship" between the court and counsel does not merit a finding that these two had conflicting interests.[2]
 
 
 6
 Hutchinson also claims that his counsel was ineffective, in that he failed to object to the exclusion of the sole black juror. As the district court found, the attorney did object at the time of the challenge, claiming racial prejudice. Thus, this claim fails.
 
 
 7
 Hutchinson also alleges that his attorney was ineffective because he neglected to interview potential alibi witnesses. Hutchinson has not produced any evidence indicating the substance of the testimony of these alibi witnesses; that it would have changed the outcome of his trial; or that the failure to interview them was a deficient performance on the part of his attorney. We cannot say that the district court erred in denying this claim. United States ex rel. Cross v. DeRobertis, 811 F.2d 1008 (7th Cir.1987) directly addressed this issue:
 
 
 8
 When the allegation of the ineffectiveness of counsel centers on a supposed failure to investigate, we cannot see how, especially in the context of a habeas proceeding that collaterally attacks the state court conviction, the petitioner's obligation can be met without a comprehensive showing as to what the investigation would have produced.
 
 
 9
 Id. at 1016. Further, the court's refusal to hold a hearing on these ineffective assistance of counsel claims was proper, as there is no need for an evidentiary hearing if the facts alleged do not form a basis for granting relief. Aleman v. United States, 878 F.2d 1009 (7th Cir.1989).
 
 C. Due Process
 
 10
 Finally, Hutchinson finds error in the state court's disposal of his habeas claim without a hearing. Indiana Post Conviction Rule 1, sections (4)(f) and (5) gives habeas courts the power to decide cases without a hearing, either in their discretion or in response to a motion for summary disposition where no genuine issue of material fact remains. The state court acted properly in disposing of the claims in this case without a hearing, as the issues were straightforward and required no hearing for decision. See United States ex rel. Shore v. O'Leary, 833 F.2d 663 (7th Cir.1987).
 
 CONCLUSION
 
 11
 The decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App. P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Hutchinson also claims that his jury was not drawn from a fair cross-section of the community, as there were only three blacks in the entire venire (two were excused for cause by the court), and Vigo County is fifteen to twenty percent black. His only complaint, however, is that his attorney or the court did not object to the low number of blacks and call in a new group of potential jurors. He makes no claim that Indiana has unconstitutional procedures for selecting potential jurors or that the court failed to follow proper procedures. Thus, this claim is not one upon which habeas relief could be granted. 28 U.S.C. § 2254(a) (claim must relate to a violation of the Constitution of laws or treaties of the United States)
 
 
 [2]
 In fact, Indiana courts considering the same issue have held that a presiding judge's appointment of a public defender does not by itself prove a conflict of interest. Sims v. State, 547 N.E.2d 895, 896 (Ind.App.1989); Wright v. State, 436 N.E.2d 335, 338 (Ind.App.1982)